NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, | No. 14-56333 |
| Plaintiff-Appellee, | D.C. No. 2:09-cv-08199-R-PLA |
| v. | |
| TOBY DOUGLAS, Director, California Department of Health Care Services, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, | No. 14-56368 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-08199-R-PLA |
| v. | |
| TOBY DOUGLAS, Director, California Department of Health Care Services, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 4, 2016
Pasadena, California

Before:  REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

Defendant Director of the California Department of Health Care Services ("Director") and Plaintiff Aids Healthcare Foundation ("AHF") each appeal from the judgment of the district court.  The Director appeals the district court's grant of summary judgment in favor of AHF's claims that section 14105.46 of the California Welfare and Institutions Code violated: (1) the requirements of the federal Medicaid statute under 42 U.S.C. § 1396a(a)(30)(A) ("§ 30(A)"); and (2) Medicaid's requirement that all changes to state Medicaid plans obtain approval from the Center for Medicare and Medicaid Services ("CMS") prior to implementation.  The Director also contends that the district court abused its discretion in issuing a permanent injunction preventing the implementation of section 14105.46.

In turn, AHF cross-appeals the district court's grant of summary judgment in favor of the Director on AHF's claims that section 14105.46 violated the Equal Protection Clauses of the United States and California Constitutions.

As the parties are familiar with the facts, we do not recount them here.  A district court's decision to grant or deny summary judgment is reviewed de novo. *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1079 (9th Cir. 2004).  "We review a summary judgment [order] granting or denying a permanent injunction

for abuse of discretion and application of the correct legal principles." *Id.* (internal quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and vacate the injunction.

**1.**     Because there is no private right of action to enforce § 30(A) under either the Constitution's Supremacy Clause or in equity, AHF's claims that section 14105.46 violated § 30(a) fail as a matter of law. In Part III of *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1385 (2015), the Supreme Court held that parties could not invoke courts' equitable powers to bring a private enforcement action for alleged violations of § 30(A). AHF characterizes Part III as a non-binding "plurality decision[.]" Not so; Parts I-III of *Armstrong* enjoyed the assent of five justices. In his concurrence, Justice Breyer stated "I join Parts I, II, *and III* of the Court's opinion." *Armstrong*, 135 S. Ct. at 1388 (Breyer, J., concurring) (emphasis added). Thus, because there is no private right to enforce § 30(A) in equity, we reverse the district court's order granting summary judgment in AHF's favor on its claims that section 14105.46 violated § 30(A) (Claims 3 and 5).

**2.**     AHF's claim that section 14105.46 violated Medicaid's requirement of obtaining approval prior to implementation is moot. Federal regulations require states to submit a plan amendment whenever there is a "[m]aterial change[] . . . in the State's operation of the Medicaid program." 42 C.F.R. § 430.12(c)(1)(ii).

3

"Prompt submittal" of a plan amendment is necessary to ensure that states continue to receive federal funding. *Id.* at § 430.12(c)(2).

We have long permitted providers to sue when a state fails to obtain CMS's approval prior to implementing a state Medicaid plan amendment. *See e.g.*, *Arc of Cal. v. Douglas*, 757 F.3d 975, 984 n.4 (9th Cir. 2014); *Dev. Servs. Network v. Douglas*, 666 F. 3d 540, 545-46 (9th Cir. 2011) (collecting cases).

Assuming without deciding that AHF retains a private right of action in this context post-*Armstrong*, AHF's claim is moot because CMS retroactively approved section 14105.46's amendment to California's Medi-Cal plan. As the wrong that AHF sued to right (CMS's lack of approval of section 14105.46 prior to the law's implementation) has been righted by CMS's retroactive approval, AHF's claim has lost "its character as a live controversy[.]" *Arc of Cal.,* 757 F.3d at 982 (internal quotation marks and citations omitted).

Accordingly, AHF's prior approval claim is moot. *See Cal. Ass'n of Rural Health Clinics v. Douglas*, 738 F.3d 1007, 1017 (9th Cir. 2013) ("The district court enjoined the Department from implementing § 14131.10 pending CMS's approval of the SPA . . . CMS's approval of the [state plan amendment ("SPA")] SPA renders [the appeal] moot."); *see also Arc of Cal.*, 757 F.3d at 982 ("Because the percentage payment reduction has expired, there is nothing left to enjoin.").

4

Moreover, the "capable of repetition, yet evading review" exception to the mootness doctrine is inapplicable here. This exception "is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Cal. Ass'n of Rural Health Clinics*, 738 F.3d at 1017 (citation omitted).

While a prior approval claim generally satisfies the first prong because the amendment at issue is often approved by the time the case is heard by this court, *see id.*, we have resisted applying the exception because of the second prong for two reasons. First, "we have hesitated to hold reasonable the expectation that complex political action motivated by fiscal scarcity will recur." *Arc of Cal.*, 757 F.3d at 983. Second, "[w]e cannot reasonably expect that the Department will ignore our explicit requirement to obtain CMS approval before implementation of any future amendments to its state plan." *Cal. Ass'n of Rural Health Clinics*, 738 F.3d at 1018. Thus, the mootness exception does not apply.

Therefore, because CMS's subsequent approval of section 14105.46 rendered AHF's claim moot, we reverse the district court's order granting summary judgment in AHF's favor on this ground (claim 7).

**3.** Section 14105.46 does not violate the Equal Protection Clauses of the United States and California Constitutions. "The general rule is that legislation is

5

presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). A statutory classification "bear[s] a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314-15 (1993) (internal quotation marks and citations omitted). The Equal Protection Clause "is satisfied so long as there is a plausible policy reason for the classification[.]" *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992) (citation omitted).

The Director has offered plausible rationales for section 14105.46's distinction between 340B providers and non-340B providers. Requiring 340B providers like AHF to purchase drugs under the 340B program, rather than on the open market, and to bill Medi-Cal at uniform reimbursement rates is a rational response to the 340B program's well-documented problem of double discounts. Further, this classification simplifies the management of the 340B program and ensures more accurate determinations of when a drug has been purchased through the program.

Therefore, because section 14105.46 is rationally related to a legitimate state interest, the district court's grant of summary judgment in favor of the Director on AHF's equal protection claims (Claims 1 and 2) is affirmed.

6

**4.**     Finally, because AHF has not prevailed on any of its claims, the permanent injunction is vacated.

AHF shall bear costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR ENTRY OF JUDGMENT IN FAVOR OF THE DIRECTOR.**