Second, petitioners argue that both bills were implemented before federal approval, or even the possibility of federal approval, because they were implemented before they were submitted to CMS. Dkt. 69 at 23-24. Petitioners argue that "CMS did not approve any of the rate cuts until October 27, 2011, well after the date that both rate cuts had already been repealed by the California Legislature." Id. at 23.
Respondents argue "that the Medicaid Act's governing regulations expressly permit states to implement SPAs prior to formal approval by the federal government[.]" Dkt. 74 at 9 (citing 42 C.F.R section 447.256(c) (SPA "will become effective not earlier than the first day of the calendar quarter in which an approvable amendment is submitted") ). Respondents argue: "In permitting a SPA amendment to be retroactively 'effective' by up to three months prior to the date that it is submitted to CMS, the Medicaid regulations plainly permit states to implement rate changes prior to federal approval." Id. at 9.
The rule in the Ninth Circuit is clear. "[T]he State was obligated to submit and obtain approval of its SPA before implementation." Developmental Servs. Network v. Douglas, 666 F.3d 540, 545-46 (9th Cir. 2011) (explaining the history of the issue in the Ninth Circuit); accord California Ass'n of Rural Health Clinics v. Douglas, 738 F.3d 1007, 1018 (9th Cir. 2013) ("Before our decision in Developmental Services Network, there may have been a reasonable expectation that the Department would attempt to implement changes to a state plan prior to receiving CMS's approval; Developmental Services Network forecloses that possibility.... We held, unambiguously, that 'the State [is] obligated to submit and obtain approval of its SPA before implementation.' Id. at 546.").
However, even if petitioners can bring a private cause of action to challenge the early implementation, their "claim is moot because CMS retroactively approved [the] amendment to California's Medi-Cal plan. As the wrong that [petitioners] sued to right (CMS's lack of approval of [the amendment] prior to the law's implementation) has been righted by CMS's retroactive approval, [petitioners'] claim has lost 'its character as a live controversy[.]' Accordingly, [petitioners'] prior approval claim is moot." Aids Healthcare Found. v. Douglas, 666 F. App'x 601, 603 (9th Cir. 2016) (citations omitted); see also California Ass'n of Rural Health Clinics, 738 F.3d at 1017. While not precedential, the Aids Healthcare Foundation opinion is highly persuasive under the present facts, and its underlying reasoning applies here. As such, the court finds that petitioners' claim that the SPAs were implemented impermissibly early, if they can bring such a claim, is moot.
3. Declaratory Relief
Respondents argue that petitioners' claim for declaratory relief-framed as their second cause of action-fails for two reasons. First, it is derivative of their first cause of action for mandamus and fails for the same reasons. Second, it fails substantively. Dkt. 66 at 18-19.
Although petitioners do not address the issue, their request for declaratory relief-styled as a standalone claim-is entirely derivative of their petition for a writ of mandate. As such, the cause of action for declaratory relief fails for the same reasons.
Furthermore, the declaratory relief claim fails because that remedy can only operate prospectively, but petitioners *1006 seek purely retrospective money damages. See Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan, 150 Cal. App. 4th 1487, 1497, 59 Cal.Rptr.3d 587 (2007) ("[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs"); Envtl. Def. Project of Sierra Cty., 158 Cal. App. 4th 877, 885, 70 Cal.Rptr.3d 474 (2008) ; Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 868 (9th Cir. 2017) ("declaratory judgment merely adjudicating past violations of federal law-as opposed to continuing or future violations of federal law-is not an appropriate exercise of federal jurisdiction"). Because the statutes are not currently in effect, the limited relief of declaring them invalid or unlawful would provide petitioners no remedy.
4. Other Allegations
Petitioners raise an additional statute and regulation in their petition, but not in their moving or opposition papers. Their petition cites 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 447.253(e). FAP ¶¶ 41, 43. Respondents have moved for summary judgment unopposed with respect to each. Dkt. 66 at 24-25.
When CMS approved the SPAs, it "determined that these amendments comply with section 1902(a)(30)(A) of the Act and all other applicable requirements of the Act[.]" Emery Decl., Ex. O at 2. Congress intended that approval "to have the force of law." Managed Pharmacy Care, 716 F.3d at 1249. CMS's approval is owed deference, particularly with respect to the implementing regulation in the Code of Federal Regulations. Additionally, petitioners' claim under 42 U.S.C. § 1396a(a)(8) is entirely unsupported. The complaint is conclusory and lacks factual allegations supporting it, and petitioners' papers ignore the issue entirely, pointing to no evidence supporting the claim in response to respondents' motion. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548 ("the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case"); see also Fed. R. Civ. P. 56(c), (e) (when the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial). For those reasons, summary judgment is appropriate for respondents with respect to petitioners' claims under both 42 U.S.C. § 1396a(a)(8)[9] and 42 C.F.R. § 447.253(e)[10] .
*1007 5. Respondents' Evidentiary Objections and Requests for Judicial Notice
Respondents' evidentiary objections and requests for judicial notice are DENIED as moot.
CONCLUSION
For the foregoing reasons, petitioners' motion for summary judgment is DENIED. The California Department of Health Care Services's and its director, Jennifer Kent's, motion for summary judgment is GRANTED. The clerk shall close the case.
IT IS SO ORDERED.

Petitioners cannot bring a claim under 42 U.S.C. § 1396a(a)(8) for the additional reason that they do not have standing to do so because the subsection applies to individuals receiving Medi-Cal benefits, not to hospitals administering them. E.g., Sanchez, 416 F.3d at 1061 (finding no enforceable right under § 1983 provided by § 30(A), and distinguishing section (a)(8) which "specifically focus[es] on entitlements available to 'all eligible individuals ' and 'provide[s] ... for making medical assistance available ... to all individuals ' "); see generally Mission Hospital, 168 Cal. App. 4th at 479-80, 85 Cal.Rptr.3d 639 (regarding standing); California Hosp. Ass'n, 188 Cal. App. 4th at 569, 115 Cal.Rptr.3d 572 (same).

Moreover, 42 C.F.R. § 447.253(e) explicitly grants discretion to determine which issues regarding "payment rates" are appropriate for appeal. California has a system for adjudicating audit and reimbursement disputes, but not for challenging the underlying rate setting methodology. Cal. Welf. & Inst. Code § 14171. As such, the court finds that California's appeal process complies with the regulation's requirement. See, e.g., W. Virginia Univ. Hospitals, Inc. v. Casey, 885 F.2d 11, 30-31 (3d Cir. 1989) (an appeals procedure allowing "providers to challenge their payment rates on the ground of the application of the state's reimbursement methodology" complied with a similar provision formerly found at 42 C.F.R. § 447.253(c) even though "it does not allow providers to challenge the validity of the methodology itself").